LLEWELLYN W. SAVAGE, and others,

*vs.*

FREDERICK C. ROBINSON, and another.

Franklin.    Opinion November 28, 1899.

*Guaranty.    Stat. Frauds.    Agreement.    R. S., c. 111.*

The delivery of goods under an attachment by an officer is a sufficient consideration for the contract of a receiptor making himself responsible thereby for the amount of debt and damages claimed in the writ.

The defendants were sued for breach of the following agreement in writing:— "Farmington, February 11, 1897. Fred C. Robinson and Clarence M. Eaton hold ourselves responsible for the amount of debt and damage contained in a writ in favor of Savage, Flanders & Co. and served upon Peter Degree by Deputy Sheriff C. E. Dyer on the above date."

In consideration of this agreement, the deputy sheriff released an attachment of goods.

*Held;* that the agreement is a guaranty, that the terms are made sufficiently certain, either in the writing, or by reference to the writ, to satisfy the statute of frauds, that the consideration was lawful, and that the defendants are holden.

ON REPORT.

The case appears in the opinion.

*E. O. Greenleaf,* for plaintiffs.

The question raised by defendants is not the promise but the consideration.    The consideration having been proven by the officer, as well as properly inferred from the case itself, the whole matter would seem to be settled.

The consideration need not necessarily. be a benefit to the promisors, and it may move for the original debtor or for the promisee.

The object of the promise was to release the debtor, and need not be expressed in writing.    *King* v. *Upton,* 4 Greenl. 387.

A promise to forbear is a sufficient consideration.    *Moore* v. *McKenney,* 83 Maine, 80.

The whole subject matter involved in this case is most exhaus-

tively discussed in note to *Packer* v. *Benton*, 35 Conn. 343, (95 Am. Dec. 246.)

If it be contended that the case falls within the statute of frauds, the answer is, the promise is in writing, and the courts have been very liberal in holding even oral promises. *Furbish* v. *Goodnow*, 98 Mass. 296.

*H. L. Whitcomb*, for defendants, filed no brief.

SITTING: PETERS, C. J., HASKELL, WISWELL, STROUT, SAVAGE, FOGLER, JJ.

SAVAGE, J. C. E. Dyer, a deputy sheriff, holding a writ in favor of the plaintiffs and against one Peter Degree, attached certain goods belonging to Degree. While the goods were in the possession of the officer, Degree procured the defendants to sign the following agreement:

"Farmington, February 11, 1897.

Fred C. Robinson and Clarence M. Eaton hold ourselves responsible for the amount of debt and damage contained in a writ in favor of Savage, Flanders & Co. and served upon Peter Degree by Deputy Sheriff C. E. Dyer on the above date.

F. C. Robinson,
C. M. Eaton."

Upon receipt of this agreement, Dyer released the attachment and left the goods in the possession of Degree.

This action is brought upon the agreement. Is it enforceable? We think the agreement should be construed as a guaranty of payment to the plaintiffs of the debt described in their writ against Degree. The agreement was in writing. The names of the parties debtor and creditors, and the amount of the debt, are made certain, either in the writing itself or in the writ to which reference is made by the writing. This is sufficient, and the statute of frauds is satisfied. *Kingsley* v. *Siebrecht*, 92 Maine, 23.

The release of the attachment was a sufficient consideration for the promise of the defendants, and we think it was a legal one. While undoubtedly it is the duty of an officer to attach and retain

goods for the security of the attaching creditor, it has never been questioned but that the officer may take a receipt for the goods. He is primarily responsible. He takes the receipt at his peril. But if the creditor accepts the receipt and ratifies the act of the officer, the latter is relieved of further liability. The delivery of the goods is a good consideration for the contract of the receiptor. So it has been held that a note given to an officer in consideration of the release of property attached is not void by reason of an illegal consideration. *Foster* v. *Clark*, 19 Pick. 329. The contract in suit is analogous. Instead of taking an agreement to be responsible for the goods attached, the officer took an agreement to be responsible for the debt. There is no substantial difference; one is as valid as the other.

The debt sued for in the original writ was $68.53.

*Defendants defaulted.*